NOT FOR PUBLICATION                                    (Civil No. 04-5708, Docket No. 14;
                                                        Civil No. 04-5709, Docket No. 14)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                            :
THE UNITED STATES OF AMERICA                :
for the use and benefit of HAYDON           :
BOLTS, INC.,                                :
                                            :
         Plaintiff,                         :     Civil No. 04-5708 (RBK/AMD)
                                            :
    v.                                      :     **OPINION**
                                            :
FIDELITY AND DEPOSIT COMPANY                :
OF MARYLAND and ZURICH                      :
AMERICAN INSURANCE COMPANY,                 :
                                            :
         Defendants.                        :
_____         :
_____
                                            :
THE UNITED STATES OF AMERICA                :
for the use and benefit of PACIFIC          :
DRAFTING,                                   :
                                            :
         Plaintiff,                         :     Civil No. 04-5709 (RBK/AMD)
                                            :
    v.                                      :     **OPINION**
                                            :
FIDELITY AND DEPOSIT COMPANY                :
OF MARYLAND and ZURICH                      :
AMERICAN INSURANCE COMPANY,                 :
                                            :
         Defendants.                        :
_____         :

**KUGLER**, United States District Judge:

      Pending before the Court is Plaintiff Haydon Bolts, Inc.'s Petition to Reopen Case and

1

Enforce Settlement Agreement (Civ. No. 04-5708, Docket No. 14) and Plaintiff Pacific Drafting's Petition to Reopen Case and Enforce Settlement Agreement (Civ. No. 04-5709, Docket No. 14).  Both Plaintiffs filed parallel actions against Defendants Fidelity and Deposit Company of Maryland and Zurich American Insurance Company.  Plaintiffs were originally seeking enforcement of the parties' settlement agreement and seeking attorneys' fees incurred in preparing and filing the petitions.  Subsequent to Plaintiffs' original petitions, however, Plaintiffs notified the Court via letter dated June 24, 2009 that Defendants paid the agreed settlement amounts.  As a result, the only outstanding matter is Plaintiffs' request for $1,525 in attorneys' fees for each petition.  Because the Court finds that Plaintiffs have failed to show a contractual or statutory right to attorneys' fees and have failed to show bad faith by the Defendants, the petitions are denied.

**I.     Background**

This case arises out of a construction project performed at Maguire Air Force Base and involves parallel actions by Plaintiffs Pacific Drafting and Hayden Bolts, Inc.  Plaintiff Pacific Drafting alleged that C. Pyramid Enterprises failed to fully compensate it for construction materials, labor, and consulting services while Plaintiff Hayden Bolts alleged that C. Pyramid Enterprises failed to compensate it for materials.  Defendants Fidelity and Deposit Company of Maryland and Zurich American Insurance Company had issued a payment bond ensuring prompt payment to persons having a direct relationship with Pyramid.  Plaintiffs filed nearly identical suits against Fidelity and Zurich on November 19, 2004.

On February 27, 2009, the parties agreed to the monetary terms of a settlement.  Pacific Drafting agreed to settle for $65,000 and Hayden Bolts agreed to settle for $24,000 and "for the

name of the fabricator."[1]  Pl. br. at Ex. B.[2]  E-mail records show that the parties spent the next three weeks drafting the terms of a settlement agreement.  Mr. Andrew Cohn, on behalf of the Plaintiffs, mailed a first draft on March 4th to Mr. Paul Norris, counsel for the Defendants.  The draft settlement agreement did not include any provision for attorneys' fees.  Mr. Norris responded one week later on March 11th and agreed to the terms, asking only that the signee be changed from Fidelity to Pyramid.  Mr. Cohn responded the same day with a revised agreement and told Mr. Norris that "[m]y guys are barking so ASAP would be appreciated."  Pl. br. at Ex. B.

     Mr. Norris did not respond until March 20.  In an e-mail on that date, Mr. Norris said they "need[ed] a Certificate of Insurance identifying C. Pyramid as Loss Payee in order to cover Pacific's portion of the design before finalizing."  Pl. br. at Ex. B.  He also advised that payment would be delayed because "there was a hold up on the project due to polluted soil."  Pl. br. at Ex. B.  As a result of this delay, Mr. Norris asked that the Defendants be given until April 20th to make payment.[3]  There is no explanation for the connection between polluted soil and delay of payment, nor is it clear whether Mr. Cohn responded to the request to delay payment until April 20th.  There is also no record of when, or if, the Defendants received the requested Certificate of

---

[1] A letter from Plaintiffs' counsel to Magistrate Judge Ann Marie Donio shows that "the name of the fabricator" refers to disclosure of the name of a steel fabricator for the project at Maguire Air Force Bas.

[2] Although two complaints exist, counsel for both Plaintiffs filed identical briefs.

[3] This e-mail also contained a reference to the name of the fabricator.  Mr. Norris wrote "Mark wants Haydon to know that he will be buying directly from Haydon Bolts, as he is removing this from the Fabricator's invoice."  It appears that this may satisfy the provision of the settlement agreement requiring the Defendants to disclose the name of the fabricator, but neither party explicitly declares that this was sufficient.

Insurance.

On April 1st, Mr. Cohn sent an e-mail advising that "our clients have pretty much had it. They have instructed me to enforce our settlement agreement, which I plan to do unless we get these agreements signed and the money paid. I expect to hear from you no later than tomorrow." Pl. br. at Ex. B. The next day, April 2nd, counsel for all parties had a telephone call discussing the settlement. According to a letter drafted by Mr. Cohn summarizing the conversation, during the telephone call Mr. Norris again confirmed that the Defendants would settle based on the terms in the settlement agreement. He also advised that he was working on obtaining a signed agreement and settlement funds, but he was having difficulty because his clients were not responsive. Mr. Cohn told the Defendants that he would advise the Court that the cases had settled, but warned that if the signed agreement and funds were not received by April 9th he would move to enforce the terms of the settlement agreement.[4] The next day, April 3rd, Mr. Norris sent Mr. Cohn an e-mail advising that his clients were sending him the signed documents and that Mr. Cohn should have them by April 6th. On April 15th, Mr. Cohn filed a Petition to Enforce the Settlement Agreement in each case and asked for $1,525.00 in attorneys' fees for each Plaintiff for expenses incurred in the preparation and filing of the petitions. It is unknown what transpired between April 3 and April 15th.

The record is silent between April 15th, when the petitions were filed, and June 24th. On that date, the Court received a letter from Mr. Cohn informing that the settlement funds were paid and reiterating Plaintiffs' request for attorneys' fees.

---

[4] Plaintiffs sent a letter to Judge Donio the same day confirming the cases settled and advising that Plaintiffs were pending receipt of the funds and signed agreements.

**II.     Discussion**

Plaintiffs assert that attorneys' fees are appropriate and warranted because the "Defendants have failed to offer even a single excuse for not complying with the terms of the Settlement Agreement." Pl. br. at 6. Defendants counter with a single page letter without citation to any law that attorneys' fees are inappropriate because there is no clause in the settlement agreement providing for such fees nor are such fees statutorily required. Def. letter at 1. Despite Defendants' reticence about the applicable law, the Court agrees with the Defendants and finds that attorneys' fees are not warranted.

In general, "'[a]ttorneys' fees and costs are ordinarily not recoverable and[,] unless specifically authorized by statute[,] are warranted only in extraordinary cases . . . .'" Hobbs & Co. Inc. v. American Investors Mgmt, Inc., 576 F.2d 29, 35 n.18 (3d Cir. 1978) (quoting Walther & Cie v. U.S. Fidelity & Guar. Co., 397 F. Supp. 937, 946 (M.D. Pa. 1975)); Leonard v. University of Delaware, 204 F. Supp. 2d 784, 789 (D. Del. 2002). This rule is not without exception; for example, the court may use its inherent equity power to assess fees for "willful disobedience of a court order" or where "the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Hobbs, 576 F.2d at 35 n.18. Attorneys' fees may also be assessed where provided for in an agreement. See Freeman v. Southeastern Pennsylvania Transp. Auth., Civ. No. 91-6617, 1993 WL 137603, at *1 (E.D. Pa. May 3, 1993) (citing Summit Valley Indus., Inc. v. Carpenters, 456 U.S. 717, 721 (1982)).

Plaintiffs have not directed the Court to any provision in the settlement agreement nor any statute that permits attorneys' fees in this case. Plaintiffs' only basis for fees then is bad faith conduct by the Defendants in delaying payment from February 27, 2009 to sometime before June

5

24, 2009.  On this point, while the Plaintiffs have stated that the Defendants have not offered a "single excuse" for failure to comply, Pl. br. at 6, Plaintiffs have not stated or shown that the Defendants delayed in bad faith or acted vexatiously, wantonly, or for oppressive reasons.  This is significant because motions to enforce settlement agreements are treated like summary judgment motions, thus the moving party must show that it is entitled to relief.  See Leonard, 204 F. Supp. 2d at 786 (citing Tiernan v. Devoe, 923 F.2d 1024, 1031-32 (3d Cir. 1991)).

Plaintiffs have not met that burden here because they have only shown delay.  Mere delay–at least where the delay is relatively short–is insufficient to show bad faith.  See Walther, 397 F. Supp. at 946 (holding delay in paying settlement agreement, while causing financial damage to the plaintiff, did not merit attorneys' fees where no evidence that defendants acted "vexatiously, wantonly, or for oppressive reasons"); see also Freeman, 1993 WL 137603 at *1 (denying attorneys' fees because defendant paid settlement funds within reasonable time and acted in good faith).  Moreover, from the Plaintiffs' exhibits, the Court cannot divine any egregious behavior by the Defendants, see Leonard, 204 F. Supp. 2d at 789; rather the Defendants' delay appears the result of coordination efforts between two clients and a good faith finalization of settlement terms.  In the absence of further proofs or supported allegations, the Court cannot justify awarding attorneys' fees.  Therefore, the Court denies Plaintiffs' Petitions to Reopen Case and Enforce Settlement Agreement.

**III.   Conclusion**

For the foregoing reasons, Plaintiff Haydon Bolts Inc.'s Petition to Reopen Case and to Enforce Settlement Agreement is DENIED and Plaintiff Pacific Drafting's Petition to Reopen Case and Enforce Settlement Agreement is DENIED.

Dated:   9-28-2009                                                       /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge